Condon v. Barr.

---

DENNIS CONDON v. MARGARET BARR.

1. A demand for rent by a landlord upon a tenant holding over is not conclusive evidence of consent such as converts a holding at sufferance into a tenacy from year to year.
2. Summons dated October 5th, for an appearance on Thursday, the 16th day of October next, read as the next 16th of the then month of October.

On *certiorari.*

Argued at November Term, 1884, before Justices VAN SYCKEL and KNAPP.

For the plaintiff, *Woodbridge Strong & Sons.*

The opinion of the court was delivered by

KNAPP, J.    The writ in this case brings proceedings dispossessing a tenant under the Landlord and Tenant act. Points are raised touching the jurisdiction of the justice who tried the cause; also the validity of the judgment rendered.

The first reason for reversal assigned is that the affidavit filed with the justice shows a tenancy from month to month, not terminated by legal notice.    The affidavit sets forth that the claimant let and rented the premises claimed, in November, 1882, to the tenant for the term of one month, at the rent of $10, to be paid in advance.    The tenancy described terminated by efflux of time, without notice, after the month expired for which the premises were rented.    The tenant was in thereafter by sufferance, and although he remained in possession for two years, paying no rent, his possession was a continued wrong-doing unless the landlord gave to it his consent, manifested by some act or declaration proving or tending to prove such a state of mind.    *Decker* v. *Adams,* 7 *Halst.* 99 ; *Moore* v. *Moore,* 12 *Vroom* 515.

It is said that the *status* of the tenant has been changed by such consent of the landlord, so that he now holds possession by such tenure as could be terminated only by notice, and that this appears in the affidavit filed with the justice.    The affidavit had annexed to it the following notice which was served upon the tenant September 3d, 1884 : " You are hereby notified to pay to me the sum of $220, rent due me for the use of the house and lot rented by you of me and now occupied by you, situated on the south side of City alley, near Somerset street, New Brunswick, New Jersey, and you are required to pay said rent in three days from the date of service or to deliver possession of said premises to me."

The question here is whether the fact of such notice being served upon one holding over after a definite term has ended proves unequivocally his assent to the continuance of the tenant in possession, so as to convert the estate at sufferance to a tenancy at will or from year to year.    The receipt of rent by the landlord from one so holding over, or distraining for it,

indicates with certainty a design to continue the relation of landlord and tenant, and a tenancy from year to year or at will may arise. Following a letting for a month, the tenancy would be from month to month, and notice for a month in such case would be required to determine the term. *Steffens* v. *Earl*, 11 *Vroom* 128.

Other circumstances have been taken as evidence of more or less strength in determining this question, which is one of fact. But it is the consent of the parties, express or implied, to create a new tenancy which is to be sought after in the circumstances which are appealed to, to convert the wrong-doer into a lawful holder. The notice referred to above was not essential, nor is it relied upon in this case as necessary to the claimant's right to recover possession, but it is in the affidavit, and if it discloses the fact of consent so clearly that we must regard it as established here, then the affidavit should further have disclosed notice to terminate the uncertain tenancy in order to give the justice jurisdiction. The notice produced on the trial of the cause undoubtedly would have been competent evidence before the justice upon the question of consent, but that it in itself contained such proof of the fact as to overturn the theory upon which the claimant proceeded, namely, as against a tenant holding over, I am unwilling to admit. No one doubts that had the proceeding been instituted at any time before service of such notice the tenant must have been ousted as a wrong-doer.

At common law one in by sufferance through the laches of the landlord was not liable for rent. The demand was for rent, at the rate agreed, for the month of leasing. It certainly could not, without the assent of him who was in possession, bind him to a continuance of the terms of the original lease. Doubtless it was an option given to him to pay his long arrears and continue the tenancy, but he did not accept it, and I do not think we are to conclude, as matter of law, that the landlord, by that rejected offer, has put it in the power of the wrong-doer to say he is now a tenant, and thereby further postpone the landlord's right of re-entry. After two years'

possession of the defendant's property without any remuneration, the owner says to the trespasser, " Pay me or go out."ʳ He does neither, but asserts that in law this shows the intention of the landlord to condone his wrong and give him lawful tenure for an indefinite term. It may be evidence which the justice might consider under a plea of consent to his possession, but neither there nor here is it by any means conclusive of the fact.

Another reason for reversal is a defect in the summons which is tested the 8th day of October, 1884, and requires the tenant to show cause on Thursday, the 16th day of October *next*. The 16th day of the *next October* was beyond the statutory time of fifteen days, and it would not occur on a Thursday. Plaintiff in *certiorari* says that the return is on the 16th day of October, 1885. If so, the summons in this is a plain mistake. It is manifest that it was intended to be on the 16th of the then month of October. The tenant appeared on that day, as well as the claimant, under the notice contained in the summons. The defendant made his objection before the justice.

When a statute limits the time within which process shall be made returnable, it must be observed, and when objection is made to process which violates the rule, it is commonly fatal to the writ if, as here, no power of amendment exists in the court. *Rattoon* v. *Walls*, 2 *Penn.* 608 ; *Martin* v. *Steele*, 2 *Penn.* 718.

But the cases so ruling in our courts are where there is no room for doubt as to the return-day being beyond the legal limit. It may be admitted that the ordinary reading of a phrase like that used in stating the return-day of this summons refers it to the month rather than the day of month next succeeding, but it is not the only possible construction. Here the parties were not misled in any way. The justice and parties assumed the return-day to be on the following 16th day of the same month. They appeared in the trial according to their common understanding of the process.

Plaintiff in *certiorari* now asks to read it as of the next ensuing month of October. To do so we must disregard the

day of the week named, overlook the reading by the parties, which did not mislead them in any way, and, what is of most consequence, defeat proceedings which have justly settled the rights of the parties. It may and therefore should be rendered as all parties understood the summons when acting under it.

The notice of October 8th, 1884, was a sufficient demand of possession upon one holding at sufferance, and the objection to that is without force. The judgment of the justice that the costs be levied of the goods and chattels of any person or persons in possession was irregular and wrong, but it is severable from the other part of the judgment, and it may be reversed as to that. But the rest of the judgment is affirmed, with costs.